**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JASON KOMIS, | : |
| Plaintiff, | : Civ. Action No. 16-5716 (RMB) |
| v. | : **OPINION** |
| DAVID OWENS, *et al.*, | : |
| Defendants. | : |

**BUMB,** District Judge

Plaintiff Jason Komis, a prisoner, was confined at South Woods prison at the time he filed this civil rights action on September 20, 2016, along with an application to proceed <u>in forma pauperis</u> ("IFP.") (Compl., ECF No. 1; IFP app., ECF No. 1-1 and 1-11 at 10-15.) Plaintiff's IFP application is properly completed pursuant to 28 U.S.C. § 1915(a), and establishes his financial inability to prepay the $400.00 filing fee. The IFP application will be granted. Therefore, the Court will review the Complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court will also address Plaintiff's motion for appointment of counsel. (ECF No. 1-2.)

I.   DISCUSSION

   A.   <u>Sua Sponte Dismissal</u>

1

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must screen complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

Courts must liberally construe pleadings filed by pro se litigants. Erickson v. Pardus, 551 U.S. 89, 94 (2007). If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the

2

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

B.   THE COMPLAINT

The complaint arises out of an inmate assault on Plaintiff at Camden County Correctional Facility in January 2015, his subsequent transfer to South Woods State Prison, and Plaintiff's medical treatment for chronic pain and ulcerative colitis in 2015 and 2016. (Compl., ECF No. 1.) Plaintiff asserts causes of action under the Eighth and Fourteenth Amendments for failure to protect him from an inmate assault and deliberate indifference to his serious medical needs. (Id.) Plaintiff also alleges Defendants were negligent, but he did not specifically plead a cause of action under the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:8.

The defendants are David Owens, Warden of Camden County Correctional Facility ("CCCF"); four unidentified "John Doe" Correctional Officers at CCCF; Gary Lanigan, Commissioner of the New Jersey Department of Corrections; Willie Bonds, Administrator of South Woods State Prison; Dr. William Briglia, Director of Medical Services, South Woods State Prison; Lisa Renee Mills, Nurse Practitioner, South Woods State Prison; and Anthony Thomas, Medical Ombudsman, South Woods State Prison. (Id., ¶¶2-11.)

Plaintiff alleges the following facts in support of his claims. On January 13, 2015, Plaintiff was temporarily housed at CCCF as a state inmate, and he was assaulted by five county inmates. (Compl., ECF No. 1 at 6.) He suffered a broken jaw and injuries to his head, cervical spine, and shoulder. (Id.) Plaintiff contends CCCF officials and officers were deliberately indifferent to an excessive risk from the ongoing gang problem at CCCF, and they had actual knowledge of impending harm. (Id.)

After the assault, Plaintiff was taken to Our Lady of Lourdes Hospital in Camden. (Id.) The same night, he was returned to the infirmary in CCCF, where he "was forced to sleep on a boat in the middle of the floor," and he was not given the pain medication prescribed at the hospital. (Id.) When Plaintiff saw a dentist the next day, who confirmed his jaw was broken, he was denied the pain medication prescribed at the hospital. (Id.)

Plaintiff did not have food or medication for more than 24 hours. (Id. at 6.) He was transferred to Virtua Hospital on January 15, 2015. (Id.) The hospital billed Plaintiff in excess of $22,000 for treatment, including having his jaw wired shut. (Id. at 7.) He was returned to CCCF the same day, where he was placed on a liquid diet instead of a pureed diet. (Id.) He was only provided Motrin, which did not alleviate his severe pain. (Id.)

4

Plaintiff did not receive any pain medication from January 20 through January 23, 2015, while he was housed at the Central Reception and Assignment Facility ("CRAF.") From there, Plaintiff was taken to South Woods State Prison ("SWSP"), where he was housed in the Extended Care Unit ("ECU") from January 23, 2015 through March 2015. (Id.) In the ECU, he was given a pureed diet and pain medication. (Id.)

Plaintiff was transferred to the general population at SWSP in mid-March 2015. (Id.) He requested "proper medication" for his chronic ulcerative colitis, and MRIs to evaluate his neck and shoulder injuries from the assault. (Id.) On July 6, 2016, he had an x-ray of his neck and shoulder, which showed degenerative changes to his cervical spine. (Id.)

In July 2015, Plaintiff complained of chronic pain, despite having been on steroids, Tylenol and NSAIDS. (Id.) He was prescribed physical therapy. (Id.) On July 24, 2015, Plaintiff filed a grievance complaining that he had no relief from the medications for his neck and shoulder pain and his ulcerative colitis. (Id.) Plaintiff had an MRI of his cervical spine on September 1, 2015, which showed degenerative changes and "multiple signs of disc problems, mostly due to traumatic force placed on the neck and shoulder." (Id.)

Plaintiff alleges Nurse Lisa Renee Mills mistreated his ulcerative colitis, although she provided the proper treatment

5

to another inmate with the same condition. (Id. at 8.) On September 23, 2015, Plaintiff saw Dr. Chowdhury, the prison's gastroenterologist, for ulcerative colitis, pain in his joints, and anxiety. (Id.) Dr. Chowdhury prescribed Klonopin and Naprosyn. (Id.)

Before Plaintiff was provided with Klonopin, which had to be approved by the mental health unit, Nurse Mills prescribed Inderal for Plaintiff's tremors. (Id.) This caused Plaintiff to suffer side effects of pain, diarrhea, nausea, vomiting and joint pain. (Id.) Plaintiff contends Inderal should not be prescribed to a person with ulcerative colitis. (Id.) He alleges Dr. Briglia, who was responsible for supervising Nurse Mills, was negligent for allowing her to prescribe Inderal to him. (Id.)

In February 2016, Plaintiff filed grievances concerning the lack of treatment for his joint pain. (Id.) He also wanted fish oil to treat ulcerative colitis. (Id.) When Plaintiff saw Nurse Mills for a chronic care appointment in March 2016, she threw him out of her office when he showed her paperwork from the Chrohn's and Colitis Foundation of America ("CCFA").

In a formal complaint, Plaintiff complained that he should have received Humira for his joint pain. (Id. at 9.) He noted that Nurse Mills prescribed Tylenol 4, Klonopin, and Triamcinolone Acetonide for another inmate who had ulcerative

6

colitis, but not for him. (Id.) At some point, Nurse Mills refused to see Plaintiff for his health issues. (Id.) She denied Plaintiff access to the prison's gastroenterologist several times. (Id.) Plaintiff is in chronic pain and cannot eat or sleep well. (Id.)

Plaintiff filed a lawsuit in a New Jersey state court against CCCF, CRAF, NJDOC, Rutgers University Behavioral Health Care, St. Francis Medical Center, Gary Lanigan, Dr. William Briglia, Nurse Lisa Renee Mills and John and Jane Does, alleging the same facts as alleged here, and asserting negligence and deliberate indifference. (Id. at 10, ¶1.) The case was dismissed because Plaintiff did not timely file his tort claim notice. (Id.) Plaintiff asserts this is why he is now filing an action under 42 U.S.C. § 1983. (Id.)

Plaintiff exhausted his administrative remedies. (Id. at 10-11.) For relief, he seeks declaratory judgment, an injunction providing for immediate examination by a qualified gastroenterologist, follow up medical treatment without delay, and compensatory and punitive damages. (Id. at 12-13.)

C.   ANALYSIS

1.   NJTCA

The NJTCA provides that "[n]o action shall be brought against a public entity or public employee under [the NJTCA] unless the claim upon which it is based shall have been

7

presented in accordance with the procedure set forth in this chapter." N.J.S.A. § 59:8-3. Chapter 8 of the NJTCA requires a claimant to file a Notice of Claim. Id. at § 59:8-4. The notice must be signed and filed with the public entity within 90 days of the accrual of the cause of action. Id. at § 59:8-8. "The claimant shall be forever barred from recovering against a public entity or employee if . . . [he] failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9." Badalmente v. Monmouth County Prosecutor's Office, Civ. Action No. 08-2501, 2011 WL 1898833, at *8 (D.N.J. May 17, 2011).

Plaintiff alleged that the negligence claims he filed in state court against Gary Lanigan, Dr. William Briglia, Nurse Lisa Renee Mills and other entities were dismissed for failure to timely file the requisite notice under the NJTCA. N.J. Stat. § 59:8-8 forever bars relief if the plaintiff fails to meet the notice requirements. To the extent that Plaintiff may be trying to pursue state law negligence claims in this action by alleging the defendants were negligent, this Court will dismiss with prejudice the claims against Lanigan, Briglia, and Mills, pursuant to N.J.S.A. § 59:8-8.

Plaintiff has not alleged whether he has complied with the NJTCA notice requirements with respect to state tort law claims against the remaining defendants, Willie Bonds, Anthony Thomas,

8

David Owens and the John Doe Correctional Officers at CCCF. (Compl., ¶¶2-11.) The Court will dismiss such claims without prejudice. Plaintiff may reassert negligence claims in an amended complaint, if he can allege compliance with the notice requirements of the NJTCA. See El v. Wehling, Civ. Action No. 12-7750(JBS), 2015 WL 1877667, at *16 (D.N.J. Apr. 23, 2015) (dismissing prisoner's NJTCA claim upon screening for failing to allege compliance with NJTCA notice requirement).

2. Section 1983 claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state

9

law. *West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### a. Failure to Protect

The Eighth Amendment requires prison officials to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations omitted). To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Farmer, 511 U.S. at 834; Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).

To meet the requisite subjective standard of deliberate indifference, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Bistrian v. Levy, 696 F.3d at 367 (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001)). Actual knowledge can be shown by circumstantial evidence where (1) "'a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' and (2) where 'circumstances suggest that the defendant-official

10

being sued had been exposed to information concerning the risk and thus must have known about it.'" Counterman v. Warren County Correctional Facility, 176 F. App'x 234, 238 (3d Cir. 2006) (quoting Beers-Capitol, 256 F.3d at 131 (quoting Farmer, 511 U.S. at 837)).

Plaintiff alleges only that there was an ongoing gang problem at CCCF. He does not allege that any defendant was aware he was at risk of an attack by a gang member(s). See Paulino v. Burlington County Jail, 438 F. App'x 106, 109 (3d Cir. 2011) (finding no deliberate indifference absent showing that defendants were aware the plaintiff was at risk of attack by other inmates.) Negligent failure to prevent an attack by an inmate is insufficient to establish violation of the Eighth Amendment. Schwartz v. Cnty of Montgomery, 843 F.Supp. 962 (E.D. Pa.) aff'd 37 F.3d 1488 (3d Cir. 1994) (stating failure to observe institutional policies regarding supervision of dangerous inmates constitutes negligence and does not support a § 1983 action for violation of the Eighth or Fourteenth Amendments).

Additionally, Plaintiff has used fictitious names to sue correctional officers at CCCF for failure to protect. When using a fictitious name for a defendant, the complaint must contain a sufficient description to identify the defendant. Rutkowski v. Liberty Mut. Ins., Co., 209 N.J. Super 140, 146-47 (N.J. Super.

11

Ct. App. Div. 1986); DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004). Plaintiff has alleged only that the John Doe Defendants are correctional officers at CCCF who failed to protect him. If Plaintiff seeks to reassert his claims against unidentified correctional officers in an amended complaint, he should provide information sufficient to show the unnamed defendants can be identified. Plaintiff must also allege facts supporting deliberate indifference, on the part of each defendant, to the substantial risk of serious harm posed to Plaintiff by the inmates who attacked him.

Plaintiff has also alleged the Warden of CCCF, David Owens, and the Commissioner of the New Jersey Department of Corrections, Gary Lanigan, are liable for failing to protect him from the inmate assault. To state a supervisory liability claim under the Eighth Amendment, "plaintiffs must first identify a 'specific supervisory practice or procedure' that the defendant supervisor failed to employ, and then prove 'the existing custom and practice without that specific practice or procedure created an unreasonable risk ...'" Counterman v. Warren County Correctional Facility, 176 F. Appx. 234, 240-41 (3d Cir. 2006) (quoting Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989). Plaintiff has not identified any policy, practice or procedure that the supervisory defendants failed to employ, nor has he alleged how that failure created an unreasonable risk of harm.

12

Therefore, Plaintiff's failure to protect claims against Owens and Lanigan will be dismissed without prejudice.

                b.    Inadequate Medical Care

The Eighth Amendment's prohibition against cruel and unusual punishment requires that inmates are provided adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth: (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need. Estelle, 429 U.S. at 106. A serious medical need includes a need for which "denial of treatment would result in the unnecessary and wanton infliction of pain" or a "life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 273 (3d Cir. 2003) (internal quotations and citations omitted).

The second element of the Estelle test is subjective and requires an inmate to show that a prison official acted with deliberate indifference to a serious medical need. Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). Conduct that constitutes malpractice or negligence does not rise to the level of deliberate indifference; deliberate indifference is a reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994). Courts will not second guess "the adequacy a particular course of treatment" in

13

the exercise of sound professional judgment. <u>Inmates v. Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979) (quoting <u>Bowring v. Godwin</u>, 551 F.2d 44, 48 (4th Cir. 1977)).

A non-physician defendant is not deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth Amendment if she fails to respond to an inmate's administrative complaint regarding medical treatment while the inmate is already receiving treatment by the prison doctor. <u>Durmer v. O'Caroll</u>, 991 F.2d 64, 69 (3d Cir. 1993). "Once a prison grievance examiner becomes aware of possible mistreatment, the Eighth Amendment does not require him or her to do more than 'review[ ] ... [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment.'" <u>Glenn v. Barua</u>, 252 F. App'x 493, 498 (3d Cir. 2007) (quoting <u>Greeno v. Daley</u>, 414 F.3d 645, 655–56 (7th Cir. 2005)) (citing <u>Spruill</u>, 372 F.3d at 236).

Although Plaintiff has alleged he was not provided pain medication for over 24-hours after he returned to CCCF from the hospital on January 15, 2015, it is not clear that Plaintiff is asserting any medical claims against CCCF employees or officials on this basis. The "Request for Relief" section of the Complaint suggests Plaintiff is alleging only failure to protect claims against CCCF employees and officials. If Plaintiff intended to

14

include any medical claims against CCCF employees or officials, he should file an amended complaint describing how each defendant was personally involved and deliberately indifferent to his serious medical needs. The same is true with respect to Plaintiff's allegation that he did not receive any pain medication for three days while he was housed at CRAF.

Plaintiff alleged Willie Bonds, Administrator of South Woods State Prison, is responsible for administrative oversight of the prison. (Compl., ECF No. 1 at 4, ¶8.) Similarly, Plaintiff alleged Anthony Thomas, Medical Ombudsmen at South Woods State Prison,[1] is responsible for administrative oversight of medical services and defense of inmates' rights to adequate medical care. (Id. at 5, ¶11.) Plaintiff has also generally alleged that he has filed numerous grievances and inquiries regarding his medical care at SWSP.

Plaintiff's bare allegations are insufficient to establish supervisory liability of non-medical prison officials. Plaintiff admits he was receiving treatment for his ulcerative colitis and joint pain, but he disagreed with the treatment provided. See Durmer, 991 F.2d at 69 (finding no deliberate indifference by non-medical prison official where prisoner was receiving treatment by prison doctor). The Court will dismiss without

---

[1] Plaintiff has not alleged whether Defendant Anthony Thomas is himself a healthcare provider.

15

prejudice Plaintiff's Eighth Amendment inadequate medical care claims against Defendants Bonds and Thomas.

Plaintiff disagreed with the treatment Nurse Mills provided to him, including her prescription of Inderal for tremors, and her failure to prescribe Humira or fish oil for ulcerative colitis. These claims rise only to the level of negligence because Plaintiff was not denied treatment, he disagreed with the treatment he was provided. See Innis v. Wilson, 334 F. App'x 454, 456-57 (3d Cir. 2009) (disagreement with treatment received does not state a viable claim for relief).

Plaintiff alleges the medications he received were ineffective in treating his pain. However, the Complaint shows that Plaintiff was offered physical therapy when medication for his joint pain was ineffective. He was evaluated by the prison's gastroenterologist for ulcerative colitis and received the medication the specialist prescribed. Furthermore, Plaintiff has not alleged that any medical provider had prescribed Humira to him. A prisoner is not entitled to the medical treatment of his choice. See Reed v. Cameron, 380 F. App'x 160, 162 (3d Cir. 2010) (dissatisfaction with prison medical care is insufficient to show deliberate indifference) (citing Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)).

Plaintiff alleges Nurse Mills ultimately refused to see him for his health issues, and that she denied him access to the

16

gastroenterologist on several occasions. Plaintiff did not allege that he did not have access to any other medical provider when Mills refused to see him. Furthermore, he did not allege how Mills prevented his access to the gastroenterologist or why he needed to see the gastroenterologist on those occasions. These allegations, without more, are insufficient to support an Eighth Amendment inadequate medical care claim against Nurse Mills, and the claims will be dismissed without prejudice.

Plaintiff also alleged Dr. Briglia was responsible for Nurse Mills' deliberate indifference because he supervised the medical staff. First, Plaintiff has not alleged sufficient facts to show Nurse Mills was deliberately indifferent to his serious medical needs of joint pain and ulcerative colitis. Second, to assert a viable claim of supervisory liability under the deliberate indifference standard of the Eighth Amendment, a plaintiff must allege more than the supervisor's responsibility for the acts of her employees, liability must be based on the supervisor's own misconduct. Barkes v. First Corr. Medical, Inc., 766 F.3d 307, 320 (3d Cir. 2014) reversed on other grounds by Taylor v. Barkes, 135 S.Ct. 2042 (2015).

> To hold a supervisor liable for such an Eighth Amendment violation, the plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an

17

> unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure. Brown [v. Muhlenberg Tp.,] 269 F.3d [205,] 216 (discussing Sample [v. Diecks, 885 F.2d 1099 (3d Cir. 1989)]).

Id. at 317.

Plaintiff has not made sufficient allegations against Dr. Briglia to state a claim of deliberate indifference to his serious medical needs. The Court will dismiss this claim without prejudice.

III. MOTION FOR APPOINMENT OF COUNSEL

Plaintiff requests appointment of counsel in this action. A district court *may* appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(d), although such litigants do not have a right to appointed counsel. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) (emphasis added). In determining whether to grant a request for appointment of counsel, courts should begin by determining that the plaintiff's claim has arguable merit in fact and law. Id. at 155. Plaintiff has failed to state a claim upon which relief may be granted in his Complaint. Therefore, he has not presented a claim of arguable merit in law at this time. The Court will deny Plaintiff's motion for appointment of counsel without prejudice.

18

IV.  CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's IFP application, deny his negligence claims against Lanigan, Briglia and Mills with prejudice, deny his negligence claims against Defendants Owens, John Doe correctional officers at CCCF, Bonds and Thomas without prejudice, deny his Eighth Amendment claims for failure to protect against Owens and John Doe correctional officers without prejudice, deny his Eighth Amendment claims for deliberate indifference to his serious medical needs against Bonds, Lanigan, Thomas, Mills and Briglia without prejudice, and deny Plaintiff's motion for appointment of counsel without prejudice.

An appropriate order follows.

Date: **November 16, 2016**

                                              s/RENÉE MARIE BUMB
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**